**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| CAROLYN THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:22-CV-724 RLW |
| | ) | |
| STATE FARM MUTAL AUTOMOBILE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court on a Motion for Partial Summary Judgment filed by Defendant State Farm Mutual Automobile Insurance Company ("State Farm").  (ECF No. 36). Plaintiff Carolyn Thomas did not oppose the Motion and stipulates that Policy No. 414 9439-6C06-25A provides no more than $25,000.00 uninsured motor vehicle coverage for the accident at issue in this case. Therefore, the Court grants Defendant's Motion for Partial Summary Judgment.

This matter is also before the Court on State Farm's Motion to Exclude the Testimony of Plaintiff's Expert, Mary Adina Johnson, Esq.  (ECF No. 34).  Plaintiff opposes the Motion, which is fully briefed and ripe for review.  For the reasons that follow, the Court grants Defendant's Motion to Exclude the Testimony of Plaintiff's Expert.

### I.  Background

This is an insurance dispute.  The Second Amended Complaint (hereinafter "Complaint") alleges Plaintiff Carolyn Thomas was hit by a vehicle driven by an unidentified driver, who fled the scene.  According to the Complaint, the following occurred on December 12, 2020, in St.

Louis County: Plaintiff was operating her vehicle and was stopped at an intersection; the traffic light turned green, and Plaintiff entered the intersection in a southbound direction; an unknown individual operating his vehicle in a westbound direction toward the intersection slammed into Plaintiff's vehicle causing a collision; the driver left the scene of the collision and was never identified.  Plaintiff alleges she sustained physical injuries to her neck and back as a result of the accident.

The Complaint alleges Plaintiff was insured under two policies issued by State Farm, and that both of the policies provide uninsured motorist coverage for the date the accident occurred. Plaintiff alleges she made a written demand for $200,000.00.  According to the Complaint, State Farm rejected the demand and refused to pay more than $8,000.00 under the policies.  In her Complaint, Plaintiff brings two counts against State Farm under Missouri law for Breach of Uninsured Motorist Policy (Count I) and Vexatious Refusal (Count II).

During discovery in this case, Plaintiff disclosed Mary Adina Johnson, Esq., as an expert. According to Plaintiff's Rule 26(A)(2) Disclosures, Ms. Johnson will offer testimony "in the field of vexatiousness, standards for the proper handling of insurance claims, and other related fields … ."  (ECF No. 34, Ex. A).  More specifically, Ms. Johnson offers the following opinion in her report: "Based on a general survey, review, and consideration of the testimony, facts, communications, and documentation of this case, and my relevant experience, it is my professional opinion, within a reasonable degree of legal certainty, that State Farm acted vexatiously and without reasonable cause [.]"  (ECF No. 34, Ex. C. at 7).

State Farm moves to exclude Ms. Johnson from testifying as an expert entirely.  State Farm argues Ms. Johnson's report contains legal opinions that are inadmissible and invade the province of the Court.  State Farm also makes the following arguments for exclusion: Ms.

2

Johnson's opinions are based on insufficient facts; her opinions are based on medical records, although Ms. Johnson has no training or experience in the medical field; Ms. Johnson did not read State Farm's expert reports; and Ms. Johnson's opinions concern subjects about which the jury does not need expert guidance and that are ultimately issues for the jury to decide.

No party requested oral argument or an evidentiary hearing on the Motion, and the Court finds it can make a proper <u>Daubert</u> determination without an evidentiary hearing or oral argument. The parties have submitted an extensive evidentiary record in connection with the Motion, which includes Plaintiff's expert disclosures, Ms. Johnson's expert report, her resume, disposition testimony, and other exhibits.

## *II. Legal Standard*

The admission of expert testimony is governed by Federal Rule of Evidence 702, which provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
>
> (a)    the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b)    the testimony is based on sufficient facts or data;
>
> (c)    the testimony is the product of reliable principles and methods; and
>
> (d)    the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

3

Fed. R. Evid. 702.[1]  As the proponent of Ms. Johnson's expert opinion, Plaintiff has "the burden to prove its admissibility by a preponderance of the evidence."  In re Bair Hugger Forced Air Warming Devices Prod. Liab. Litig., 9 F.4th 768, 777 (8th Cir. 2021).  See also Fed. R. Evid. 702 advisory committee's note to 2023 amendment ("expert testimony may not be admitted unless the proponent demonstrates to the court that it is more likely than not that the proffered testimony meets the admissibility requirements set forth in the rule.") (citing Fed. R. Evid. 104(a)).

Courts have interpreted Rule 702 as vesting trial courts "with a gatekeeping function, ensuring that 'any and all scientific testimony or evidence admitted is not only relevant, but reliable.'"  Union Pac. R. Co. v. Progress Rail Servs. Corp., 778 F.3d 704, 709 (8th Cir. 2015) (quoting Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 589 (1993)).  In order to carry out this gatekeeping function, the Eighth Circuit has instructed district courts to apply the following three-part test for screening expert testimony:  (1) "[The expert's] testimony must be useful to the finder of fact in deciding the ultimate issue of fact, meaning it must be relevant"; (2) "the expert must be qualified to assist the finder of fact"; and (3) "the testimony must be reliable or trustworthy in an evidentiary sense."  In re Bair Hugger, 9 F.4th at 777.  According to the Eighth Circuit, Rule 702 favors admissibility of expert testimony if it assists the factfinder in

---

[1] Rule 702 was amended April 24, 2023, effective December 1, 2023.  The Advisory Committee Notes clarify that the 2023 amendment does not "impose any new, specific procedures," but instead the amendment was made to clarify the preponderance standard for the admissibility requirements set forth in the Rule and to emphasize that an expert "must stay within the bounds of what can be concluded from a reliable application of the expert's basis and methodology."  Fed. R. Evid. 702 advisory committee's note to 2023 amendment.  The Court's decision regarding the admissibility of Plaintiff's expert would be the same under either version of the Rule.

understanding an issue of fact.  <u>Johnson v. Mead Johnson & Co., LLC</u>, 754 F.3d 557, 562 (8th Cir. 2014).  "[D]oubts regarding whether an expert's testimony will be useful should generally be resolved in favor of admissibility." <u>Sphere Drake Ins. PLC v. Trisko</u>, 226 F.3d 951, 954 (8th Cir. 2000) (quotation omitted).

### III.  Discussion

Ms. Johnson is an attorney who has been in private practice for approximately 25 years. In her report, Ms. Johnson states she is a litigator with extensive experience defending insurance companies throughout the litigation process from developing a litigation plan through trial and any appeal.  She also states that she has assessed and evaluated claims and advised insurance companies on responding to demands, as well as counseling them on how to avoid vexatious refusal claims.  It is not clear from her report, however, whether she specializes in motor vehicle cases or how many motor vehicle cases she has handled.

Plaintiff seeks to have Ms. Johnson testify in this case to offer the opinion that State Farm "acted vexatiously and without reasonable cause."  (ECF No. 34, Ex. C at 7).  Ms. Johnson outlines the following facts in support of her opinion, some of which State Farm disputes:

1. State Farm did not inform Plaintiff of her available coverage under a second policy;

2. Plaintiff was not at fault in the accident;

3. State Farm began investigating the claim from the position that it would be to its benefit if Plaintiff had a prior history of neck and/or back complaints;

4. Plaintiff had no past history of neck or back pain or treatment before the accident;

5. Plaintiff's healthcare providers indicate that her condition was the result of and caused by the accident;

6. State Farm did not obtain an independent medical review because it believed common sense and photos of the accident were sufficient for its employees to

determine that much of Plaintiff's past medical treatment and all her future medical treatment were not related to the accident;

7.      State Farm's decisions were made by employees, who did not have medical backgrounds or training;

8.      State Farm's offer of $8,000 is less than one third the amount acknowledged in State Farm's notes;

9.      State Farm's calculated value for pain and suffering was not based on a formula, but was assigned by an adjustor based on her experience; and

10.     State Farm does not deny coverage for Plaintiff's claim, but there is no evidence State Farm evaluated her claim to determine the compensatory damages to which she was legally entitled to recover from the uninsured driver.

(ECF No. 34, Ex. C at 7-8).  Ms. Johnson also states the following in support of her opinion that State Farm acted vexatiously and without reasonable cause:

> State Farm's low reserves and offer of $8,000, which is at the low end of its settlement range, were unreasonably low based on the facts, evidence and testimony available to State Farm.  Furthermore, State Farm's breach of its duty to honesty and timely communicate with [Plaintiff], State Farm's continued refusal to offer a reasonable payment, and State Farm's refusal to consider the need for future treatment – without any supporting medical opinion – constitutes vexatious conduct on State Farm's part under the unambiguous terms of the appliable policies and State Farm's duties to [Plaintiff] as are well established under Missouri law.

(Id. at 8).

The overarching opinion Ms. Johnson offers in her report – that State Farm acted vexatiously and without reasonable cause – is ultimately a determination the jury will be asked to make in this case.  In her Complaint, Plaintiff requests exemplary damages for State Farm's allegedly vexatious refusal to pay under the policies pursuant to Mo. Rev. Stat. § 375.420.  To recover damages for vexatious refusal to pay, Plaintiff must show: (1) she had an insurance policy with State Farm; (2) State Farm refused to pay; and (3) its refusal was "without reasonable cause or excuse."  Dhyne v. State Farm Fire & Cas. Co., 188 S.W.3d 454, 457 (Mo. 2006), as

modified on denial of reh'g (Apr. 11, 2006). In other words, the jury, as the factfinder in this case, will be asked to determine if State Farm failed or refused to pay "without reasonable cause or excuse." Mo. Approved Jury Instr. (Civil) 10.08 (8th ed).

Under the Federal Rules of Evidence, opinion testimony is not inadmissible because it embraces an ultimate issue to be decided by the trier of fact. Fed. R. Evid. 704(a). That said, not all opinion testimony that goes to ultimate issues is admissible. Expert testimony offering legal opinions is not admissible. S. Pine Helicopters, Inc. v. Phoenix Aviation Managers, Inc., 320 F.3d 838, 841 (8th Cir. 2003); United States v. Klaphake, 64 F.3d 435, 438–39 (8th Cir. 1995). Matters of law are for the Court. It is the Court who will instruct the jury as to the law, not an expert.

Plaintiff argues Ms. Johnson's opinions regarding how State Farm handled Plaintiff's claim are admissible because the opinions are based on State Farm "departing from industry norms." (ECF No. 41 at 6). Industry practices or standards may be relevant in insurance cases, and the Eighth Circuit has upheld the admission of opinion testimony addressing whether an insurance company handled a claim properly under industry standards. Cedar Hill Hardware & Const. Supply, Inc. v. Ins. Corp. of Hannover, 563 F.3d 329, 340, 343–44 (8th Cir. 2009) ("Industry-wide practices are relevant to the question of whether an insurer acts within acceptable boundaries based on information it has received in a given case."). See also Am. Mod. Home Ins. Co. v. Thomas, No. 4:16-CV-215 CDP, 2018 WL 4404723, at *7 (E.D. Mo. Sept. 17, 2018) (allowing insurance industry experts to testify as to industry practices and standards, but not allowing them to testify to "a legal conclusion that the alleged conduct was or was not vexatious under Missouri law"); AXIS Specialty Ins. Co. v. New Hampshire Ins. Co., No. 15-809-CV-W-ODS, 2017 WL 445746, at *2 (W.D. Mo. Feb. 2, 2017) (allowing insurance

industry expert to testify, but with the limitation that he not offer legal opinions); Certain Underwriters at Lloyd's v. SSDD, LLC, No. 4:13-CV-193 CAS, 2014 WL 3097284, at *6 (E.D. Mo. July 7, 2014) (same); Lloyd's Acceptance Corp. v. Affiliated FM Ins. Co., No. 4:05-CV-1934 DDN, 2013 WL 4776277, at *11–12 (E.D. Mo. Sept. 6, 2013) (same); Amica Mut. Ins. Co. v. Willard, No. 4:07-CV-1745 DDN, 2009 WL 2982902, at *3 (E.D. Mo. Sept. 14, 2009) (same). But it is clear from the record that Ms. Johnson is not being offered to testify regarding insurance industry practices or standards, and American Model Home Insurance Co. v. Thomas is particularly instructive on this issue.

In American Model Home Insurance Co., both sides sought to introduce experts who would testify as to insurance industry practices and standards, which the parties believed were relevant the plaintiff's claim of vexatious refusal to pay.  2018 WL 4404723, at *7.  The district court allowed the two insurance industry experts to testify, but the court strictly limited their testimony.  The experts were allowed to testify as to "industry standards in general, proper claims handling, and the effect of certain information and circumstances on claims decisions." Id. (citations omitted).  They were also allowed to "offer their opinion on whether any of [the defendant]'s actions deviated from insurance industry customs and practices."  Id.  But the experts were not permitted to offer their legal opinions.  Noting that an expert "may not intrude on the Court's role to instruct the jury as to the law and testify to a legal conclusion," the court did not allow the experts to testify regarding "the legal standard of vexatious refusal to pay under Missouri law or to their opinion as to whether or not [the defendant]'s conduct was vexatious under Missouri law."  Id.

In support of her argument that Ms. Johnson's opinion "is based on State Farm departing from the norm" and, therefore, admissible, Plaintiff points to the fact that in her legal practice

8

Ms. Johnson has advised insurance carriers on how to avoid vexatious refusal claims and has defended insurers in vexatious refusal cases. "Ms. Johnson used her knowledge to advise insurance carriers regarding conduct and facts that rose to the level of vexatious refusal and bad faith on what she knew about standard [sic] and norms, including standards and norms found in case law. … [She has] advised clients how to stay within the proper norms using appropriate custom and practice."  (ECF No. 41 at 7).  In her practice, Ms. Johnson is not advising clients on industry norms; she is advising clients on the law, because she is a lawyer.  And this is exactly what she is attempting to do in this case – advise the jury on the law.

The Court has carefully reviewed the record, and no where in Ms. Johnson's report or deposition testimony does she discuss or explain insurance industry standards or practices.  In fact, the following exchange took place during her deposition:

> Q:      In forming the opinions that you have in your two reports, what industry standards did you rely on?
>
> A:      I'm not sure I understand your question.
>
> Q:      Well, okay. Are there claims guidelines or claims standards that are accepted or recognized in the insurance industry for the handling of uninsured motorist claims?
>
> A:      I would assume there are. I've never dealt with them or worked with what the insurance company had on their end other than perhaps to occasionally produce them.
>
> Q:      Can you even identify what the claims standards would be?
>
> A:      No.
>
> Q:      In terms –
>
> A:      Other than general principles.
>
> Q:      Well, in terms of general principles, we're in federal court. So, you have handled Rule 26 cases, right?

A:    Right.

Q:    You also have probably even handled more than one <u>Daubert</u> motion, true?

A:    I think I've dealt with one.

Q:    Do you know that your opinion for federal court is going to have to be based upon specialized knowledge –

A:    Correct.

Q:    – that you have about the insurance industry?

A:    I would disagree with that. I believe it's the specialized knowledge I have with regard to the legal representation – my experience and skill is based on my legal representation representing insurance companies and insurers with regard to coverage issues and with regard to evaluating and settling cases or trying cases and estimating the value and settlement range for cases.

Q:    But you do not have specialized knowledge about the duties, obligations of an insurer based on any kind of industry standards or guidelines?

A:    My knowledge on that subject is legally based on what courts have held insurance companies have a duty to do.

Q:    And in terms of the – are any of the opinions you have based on anything other than – by way of guidelines, based on anything other than the one statute that you have as part of ·your stack of documents, Section 375.420?

A:    It would also be based on my review of the case law regarding underinsured and uninsured cases, vexatious refusal, bad faith cases. I regularly – the cases that come out every week, I always review for any that deal with those subjects because that's what I'm familiar with and work with.

(ECF No. 34, Ex. G at 9-10).

Ms. Johnson is not an expert on insurance industry practices and standards.  It is clear

from the record that she is a legal expert, who is being offered to provide her legal opinions

10

regarding this dispute.  She formed the opinions in her report by applying her knowledge of the law to the facts of the case, which is not allowed.  <u>Cowden v. BNSF Ry. Co.</u>, 980 F. Supp. 2d 1106, 1118 (E.D. Mo. 2013) ("Although expert witnesses may embrace an ultimate issue in their testimony, they may not state legal standards or draw legal conclusions by applying law to the facts.") (citation omitted).

In sum, Plaintiff fails to establish by a preponderance of the evidence that Ms. Johnson's testimony will help the trier of fact to understand the evidence or to determine a fact at issue in this case.  Ms. Johnson's expert testimony is unhelpful and inadmissible because she is offering legal opinions.  Her proposed testimony would intrude on the jury's role as factfinder and "creates a serious danger of confusing or misleading the jury into substituting [her] assessment for the jury's own assessment."  <u>Certain Underwriters at Lloyd's</u>, 2014 WL 3097284, at *6.  Ms. Johnson's opinion as to whether State Farm vexatiously refused to pay Plaintiff's claim or otherwise violated Missouri law also intrudes on the Court's role to instruct the jury as to the law.  <u>S. Pine Helicopters, Inc.</u>, 320 F.3d at 841.  Finding Ms. Johnson's testimony is inadmissible for these reasons, the Court need not address State Farm's other arguments.

### *Conclusion*

For the reasons set forth above, the Court finds Ms. Johnson's expert testimony is inadmissible under Fed. R. Evid. 702 and controlling case law.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant State Farm Mutual Automobile Insurance Company's Motion to Exclude the Testimony of Mary Adina Johnson, Esq., is **GRANTED.** (ECF No. 34).

**IT IS FURTHER ORDERED** that Defendant State Farm Mutual Automobile Insurance Company's Motion for Partial Summary Judgment is **GRANTED.**  (ECF No. 36).  The amount of uninsured motor vehicle coverage under Policy No. 414 9439-C06-25A shall be limited to $25,000.00.


_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this  18th  day of January, 2024.

12